*May Term,*
1859.

GARRETT
*v.*
GARRETT.

---

GARRETT *v.* GARRETT.

APPEAL from the *Wabash* Circuit Court.

*Per Curiam.*—Suit for divorce.   Divorce granted.

It appears that the complaint was filed on the 28th of *October*, 1857.   The defendant was a resident of *New York* city, and was notified by publication, and the service of notice personally upon her in said city.   On the 25th day of *February*, she appeared by attorney, who, upon his own affidavit, and a sworn statement of the defendant, applied for a continuance.   The continuance was refused.   On the 1st day of *March*, the defendant answered.   On the 2d day of *March*, she renewed the application for a continuance, upon a new affidavit by herself. The Court refused to grant it.

The cause was tried by a jury, who found the charges in the complaint sustained, and the Court granted a divorce.

We cannot say that the Court erred in refusing the continuance.   It would be a dangerous practice to permit an application for a continuance to be repeated upon a new affidavit upon the same state of facts.

*Wednesday,*
*June 8.*

May Term,
1859.

It is complained that the Court refused to instruct the jury that the charge in the answer against the plaintiff of having committed adultery with one Mrs. *Sexton*, not being denied by reply, was admitted. It is sufficient, on this point, to say that the answer does not contain such a charge. It simply alleges that the plaintiff was lying on a sofa at the house of Mrs. *Sexton*, his niece, and that Mrs. *Sexton* was in the room, the two being the only persons present, &c., but it is not pretended that any act of adultery is charged, further than the defendant infers that one might have been committed. This state of facts would not justify an instruction to the jury that an act of adultery was charged and admitted. It might not be inferred, as a necessary sequence, by every person, that because an uncle had been seen alone in the parlor (for that is the room named), with his niece, at her own house, that an act of adultery had been committed between them.

The judgment is affirmed with costs.

*C. S. Parrish*, for the appellant.

*W. Z. Stuart*, *J. U. Pettit*, and *C. Cowgill*, for the appellee.